DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Joel Helms has appealed his conviction from the Barberton Municipal Court for misconduct at an emergency, a violation of R.C.2917.13(A)(2). This Court affirms.
 I.
On January 8, 2000, the Summit County Sheriff's office received a phone call concerning an alleged domestic dispute in Green, Ohio. Two deputies responded to the call. As the deputies were apprehending a suspect, Defendant stood directly behind them and began shouting: "that's enough;" "that's abuse;" "that's uncalled for;" "you don't need to do that;" "that's unfair;" and, "that's not necessary." The deputies instructed Defendant to back away from the scene at least six times. Defendant refused to leave the scene. Shortly thereafter, Defendant was charged with obstructing justice, a misdemeanor of the second degree.
Defendant entered a plea of not guilty, and his case was set for trial. During a pre-trial conference, the State moved to dismiss the charge of obstructing justice, which the trial court granted. The State then charged Defendant with misconduct at an emergency, a minor misdemeanor. Defendant demanded a trial before a jury, which the trial court denied. The trial court then found Defendant guilty at a bench trial. Defendant timely appealed, asserting three assignments of error. For ease of discussion, this Court has rearranged Defendant's second and third assignments of error.
 II. Assignment of Error Number One The [State] abused its discretion by dismissing a misdemeanor and charging Defendant with a minor misdemeanor based on the same conduct over objection that Defendant was being denied a jury trial.
In his first assignment of error, Defendant has argued that the State abused its discretion when it dismissed the count for obstructing justice and then later charged Defendant with misconduct at an emergency, a minor misdemeanor, based on that same incident. This Court disagrees.
The State has broad discretion to determine the charges to be brought against a criminal defendant. State v. Sapp (Aug. 15, 1995), Franklin App. No. 94APA10-1524, unreported, 1995 Ohio App. LEXIS 3360, at *11, citing State v. Wilson (1988), 47 Ohio App.3d 136 . Furthermore, the burden lies with a defendant to prove that the State's charging decision was motivated by vindictiveness. Wilson, 47 Ohio App.3d at 140. In the case at bar, Defendant has failed to demonstrate such vengefulness. The State's decision to dismiss the charge of obstructing justice and to subsequently charge Defendant with misconduct at an emergency was a proper exercise of prosecutorial discretion. See State v. Smith (June 26, 1996), Lorain App. No. 95CA006235, unreported, at 6. Accordingly, Defendant's first assignment of error is overruled.
 Assignment of Error Number Three The [trial] court below erred by denying a jury of twelve persons in this misdemeanor case under the sixth amendment of the United States constitution.
In his third assignment of error, Defendant has asserted that the trial court violated his constitutional right to trial by a jury of twelve persons. This Court rejects Defendant's argument because no right of jury trial attaches to minor misdemeanor citations. See State v. Tennison
(Apr. 20, 1993), Fairfield App. No. 36-CA-92, unreported, 1993 Ohio App. LEXIS 2208, at *8, citing Inwood v. State (1884), 42 Ohio St. 186. Defendant's third assignment of error is overruled.
 Assignment of Error Number Two The Ohio rule regarding a jury of eight in a misdemeanor case is arbitrary, unreasonable and part of the same historical accident discernible only to mystics as is the federal rule regarding the number of persons on a misdemeanor jury from which it is derived.
In his second assignment of error, Defendant has argued that Crim.R. 23 is unreasonable. This Court notes that Crim.R. 23 sets forth the rule for trials before a jury. Because Defendant was not entitled to a jury trial, his argument is without merit.
 III.
Defendant's assignments of error are overruled. The judgment of the Barberton Municipal court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Barberton Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J. CONCUR.